UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re: RONALD ASAY and
MARIA ASAY,

No. 7-05-10472 ML

Debtors.

## ORDER DETERMINING THAT DEBTORS ARE NOT ELIGIBLE TO RECEIVE A DISCHARGE

THIS MATTER is before the Court on the Order to Show Cause Why Case Should Not be Closed without the Entry of a Discharge ("Order to Show Cause") entered by the Court on January 3, 2007. The Debtors received a discharge in a prior proceeding within six years of the date of the filing of this proceeding, which was originally filed under Chapter 13 of the Bankruptcy Code and later converted to Chapter 7. At issue is whether the Court has the power to deny the Debtors' discharge under 11 U.S.C. § 727(a)(8) *sua sponte* when no complaint objecting to discharge was timely filed in accordance with Rule 4004(a), Fed.R.Bankr.P. Counsel for the Debtors and the United States Trustee each filed a memorandum brief on this issue.[1]

---

[1] At the hearing on the Order to Show Cause, Debtors also argued that the date of conversion, rather than the petition date is the date from which the six year period under 11 U.S.C. § 727(a)(8) is to be calculated. Debtors do not continue to assert that argument in their Brief in Support of Allowing Debtors' Chapter 7 Discharge. Nevertheless, the Court notes that the language of 11 U.S.C. § 727(a)(8) provides that the impediment to discharge is triggered by the entry of a discharge "in a case commenced within six years before the *date of the filing of the petition*" and 11 U.S.C. § 348(a), governing conversion of cases from one chapter to another, "does not effect a change in the *date of the filing of the petition.*" (emphasis added). Thus, the six year period in effect in this proceeding runs from April 6, 2000, the date of the commencement of the prior Chapter 7 proceeding in which the Debtors received a discharge, to April 6, 2006, a date which is after January 24, 2005, the date the Debtors' filed their voluntary petition under Chapter 13 of the Bankruptcy Code; therefore, the Debtor's received a discharge within the six year period contemplated by 11 U.S.C. § 727(a)(8). *Cf. Riske v. Lyons (In re Lyons),* 162 B.R. 242, 243 (Bankr.E.D.Mo. 1993) (noting that "'[i]t is also established that when

1

Debtors contend that because no complaint objecting to the Debtor's discharge was timely filed after the conversion of their bankruptcy proceeding to Chapter 7, the Court may not *sua sponte* deny the Debtors' discharge under 11 U.S.C. § 727(a)(8) because that section is not one of the enumerated code sections contained in Rule 4004(c), Fed.R.Bankr.P. regarding the Court's entry of a discharge. The United States Trustee argues that pursuant to 11 U.S.C. § 727(a)(8), the Debtors are not entitled to receive a discharge, and that it is appropriate for the Court to deny the Debtors' discharge pursuant to that section and the Court's equitable powers and inherent authority under 11 U.S.C. § 105. After considering the briefs, the applicable case law and code sections in light of the facts present in this case, the Court finds that the Debtors are not eligible to receive a discharge in this bankruptcy proceeding by operation of 11 U.S.C. § 727(a)(8), and that this bankruptcy proceeding should be closed without the entry of a discharge.

In reaching this determination the Court finds:

1. Debtors filed a voluntary petition under Chapter 7 of the Bankruptcy Code on April 6, 2000, as Case No. 7-00-11927 ML. Debtors received their discharge in that proceeding on July 31, 2000, and the case was closed.

2. On January 24, 2005, the Debtors filed a voluntary petition under Chapter 13 of the Bankruptcy Code as Case No. 13-05-10472 ML.

3. The Debtors converted their Chapter 13 proceeding to Chapter 7 on May 4, 2006.

4. The last day to file a complaint objecting to the Debtors' discharge in their converted Chapter 7 bankruptcy proceeding was August 21, 2006. No complaints objecting to the Debtors'

---

there is a conversion, the debtors are deemed to have filed a Chapter 7 case at the time the Chapter 13 case was filed.'") (quoting *Resendez v. Linquist,* 691 F.2d 397, 398-99 (8th Cir. 1982)).

2

discharge were timely filed.

5. Pursuant to 11 U.S.C. § 727(a)(8), "the court shall grant the debtor a discharge, unless . . . . the debtor has been granted a discharge under this section . . . in a case commenced within six years before the date of the filing of the petition." 11 U.S.C. § 727(a)(8).

6. The Debtors received a discharge in a case commenced within six years of the date of the filing of the petition in this proceeding.

7. Rule 4004(c)(1), Fed.R.Bankr.P. provides, in relevant part:

In a chapter 7 case, on expiration of the time fixed for filing a complaint objecting to discharge . . . the court shall forthwith grant the discharge unless:
    (A) the debtor is not an individual,
    (B) a complaint objecting to discharge has been filed,
    ©) the debtor has filed a waiver under § 727(a)(10),
    (D) a motion to dismiss the case under § 707 is pending,
    (E) a motion to extend the time for filing a complaint objecting to the discharge is pending,
    (F) a motion to extend the time for filing a motion to dismiss the case under Rule 1017(e) is pending, or
    (G) the debtor has not paid in full the filing fee prescribed by 28 U.S.C. § 1930(a) and any other fee prescribed by the Judicial Conference of the United States under 28 U.S.C. § 1930(b) that is payable to the clerk upon the commencement of a case under the Code.

8. Section 727(a)(8) is not one of the enumerated impediments to discharge contained in Rule 4004(c)(1), Fed.R.Bankr.P. Because the time for filing a complaint objecting to discharge has expired and no timely complaint objecting to discharge was filed, Rule 4004(c)(1), Fed.R.Bankr.P. appears to direct the Court to grant the Debtors a discharge.

9. The Federal Rules of Bankruptcy Procedure are not the equivalent of statutory law, and when there is an apparent conflict between the Rules and the Code, the Code prevails. *See United States v. Towers (In re Pacific Atlantic Trading Co.),* 33 F.3d 1064, 1066 (9th Cir. 1994) ("Any conflict between the Bankruptcy Code and the Bankruptcy Rules must be settled in favor

3

of the Code.")(citation omitted); *In re Barnes,* 308 B.R. 77, 81 (Bankr.D.Colo. 2004) ("[T]he Bankruptcy Rules cannot override substantive provisions provided in the Bankruptcy Code . . ."); *In re Grabill Corp.,* 113 B.R. 966, 974 (Bankr.N.D.Ill. 1990), *aff'd,* 135 B.R. 835 (N.D.Ill. 1991), *aff'd,* 983 F.2d 773 (7th Cir. 1993) ("In the event of a conflict between the Bankruptcy Rules and the Code, the Code controls.")(citing *In re Morrissey*, 717 F.2d 100 (3rd Cir.1983)). This tenet is based on restrictions in the rule enabling statutes, such as 28 U.S.C. § 2075, which authorizes the Supreme Court to promulgate rules of bankruptcy procedure, provided that "such rules shall not abridge, enlarge, or modify any substantive right." 28 U.S.C. § 2075. *See Pacific Atlantic Trading,* 33 F.3d at 1066.

10. Section 727(a)(8) is explicit in its directive to the Court to grant the debtor a discharge "**unless** . . . the debtor has been granted a discharge under this section . . . in a case commenced within six years before the date of the filing of the petition." 11 U.S.C. § 727(a)(8) (emphasis added). The fact that Rule 4004(c)(1), Fed.R.Bankr.P. does not include 11 U.S.C. § 727(a)(8) as one of the enumerated impediments to discharge does not render the clear language contained in 11 U.S.C. § 727(a)(8) inapplicable. The Rule cannot override the Code. To the contrary, the explicit code section trumps the rule. *But cf. Canganelli v. Lake County Indiana Dept. of Public Welfare (In re Canganelli ),* 132 B.R. 369, 383-384 (Bankr.N.D.Ind. 1991) (concluding that Rule 4004 together with 11 U.S.C. § 727(c)(1), which confers the power to file a complaint objecting to discharge under 11 U.S.C. § 727(a) on the United States Trustee, the trustee, or a creditor, preclude the bankruptcy court from acting *sua sponte* to deny the debtor's discharge under 11 U.S.C. § 727(a)(8)).

11. Moreover, as determined by the court in *In re Burrell,* 148 B.R. 820 (Bankr.E.D.Va.

1992), 11 U.S.C. § 105(a)[2] empowers the court to "carry out the provisions of this title" and take any action necessary to "prevent an abuse of process" so that it is appropriate for the Court to invoke 11 U.S.C. § 727(a)(8) *sua sponte* and refuse to grant a debtor a discharge when that debtor has received a discharge in a prior proceeding commenced within six years before the date of the filing of the current petition. *Burrell,* 148 B.R. at 823 (concluding that it was appropriate for the court to "act, *sua sponte,* to deny a debtor a discharge under § 727(a)(8) in the interest of justice to 'prevent an abuse of process.') (quoting 11 U.S.C. § 105(a)).

12. The Debtors in this proceeding are not eligible to receive a discharge by operation of 11 U.S.C. § 727(a)(8). *Cf. In re Hiatt,* 312 B.R. 150 (Bankr.S.D.Ohio 2004) (holding that debtors who had received a discharge under Chapter 7 in a case commenced within six years of the commencement of a subsequent case could not receive a discharge in the subsequent case notwithstanding the fact that the subsequent case was initially filed under Chapter 13 and converted to Chapter 7 after the expiration of the six-year limitation period).

WHEREFORE, IT IS HEREBY ORDERED, that this bankruptcy proceeding be closed without the entry of a discharge.

_____
MARK B. McFEELEY
United States Bankruptcy Judge

---

[2]That section provides:
> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process. 11 U.S.C. § 105(a).

COPY TO:

| | | |
|---|---|---|
| R. Trey Arvizu III | Office of the United States Trustee | Philip Montoya |
| Attorney for Debtor | Attn: Alice Nystel Page | Chapter 7 Trustee |
| PO Box 1479 | PO Box 608 | PO Box 159 |
| Las Cruces, NM 88004 | Albuquerque, NM 87103 | Albuquerque, NM 87103 |